```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X

ONEIL MAIRS,

            Petitioner,                  MEMORANDUM & ORDER
                                           20-CV-1451(EK)
     -against-

LEROY FIELDS,

            Respondent.

-------------------------------X
```

ERIC KOMITEE, United States District Judge:

Petitioner Oneil Mairs filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 2014 state convictions for manslaughter in the second degree, criminal possession of a weapon in the second degree, and reckless endangerment in the first degree. Respondent moves to dismiss the Petition as time-barred because it was filed after the one-year statute of limitations period expired in June 2020. Petitioner requests, in response, that the statutory period be equitably tolled due to COVID-related restrictions and conditions at the Fishkill Correctional Facility, where he is incarcerated. For the following reasons, Respondent's motion to dismiss is granted.

### I.  Background

A prisoner seeking relief under Section 2254 must file the petition for a writ of habeas corpus within one year from

the latest of four benchmarks.  *See* 28 U.S.C. § 2244(d)(1).  Relevant here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  Here, that date is August 30, 2018: the Appellate Division affirmed the conviction on January 17, 2018, *People v. Mairs*, 66 N.Y.S.3d 635, 636 (N.Y. App. Div. 2018); the Court of Appeals denied leave to appeal on June 1, 2018, *People v. Mairs*, 31 N.Y.3d 1119 (2018); and the judgment became final ninety days later, on August 30, 2018, when the time to seek a writ of certiorari expired.  *See Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).

      The limitations period may be tolled while a collateral motion — such as one submitted under New York Criminal Procedure Law § 440.10 — is pending.  28 U.S.C. § 2244(d)(2).  Petitioner filed a Section 440.10 motion on May 6, 2019, the 250th day of the limitations period (with 115 days remaining).  This filing stopped the clock, which did not begin to run again until Mairs was denied leave to appeal the state Supreme Court's 440.10 decision on February 10, 2020.  The limitations period therefore expired 115 day thereafter, on June 5, 2020.

      Petitioner thus had almost four months to file the petition after the limitations period restarted on February 10,

2

2020.  The COVID-19 pandemic, however, began to surge in New York approximately one month into this period, in mid-March.  Petitioner argues that conditions at the prison prevented him from filing his petition by June 5.  Instead, Petitioner filed his petition by delivering it to prison officials on July 21, 2020, a little over six weeks late.

## II.  Equitable Tolling

Petitioner asks that the Court extend the statute of limitations pursuant to the doctrine of equitable tolling.  The one-year statute of limitations under AEDPA may be equitably tolled only in "rare and exceptional circumstances."  *See, e.g.*, *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001).  A petitioner "must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time."  *Id.* (internal quotations omitted); *Harper v. Ercole*, 648 F.3d 132, 138 (2d Cir. 2011) (petitioner must demonstrate that "he acted with reasonable diligence throughout the period he seeks to toll," but not the preceding period).  "This standard calls for 'reasonable diligence, not maximum feasible diligence.'" *Harper*, 648 F.3d at 138 (citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)).  A petitioner satisfies this requirement by

3

showing that he "acted as diligently as reasonably could have been expected under the circumstances." *Id.* at 139.

The diligence requirement is related to the question of causation — specifically, whether the reviewing court can say that the extraordinary circumstances at issue caused the inability to comply with the statute of limitations. "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Petitioner's motion falters on reasonable diligence grounds, because he says literally nothing about any actions he undertook or attempted in order to advance his petition in the period he seeks to have tolled. Affirmation in Support of Tolling the Statute of Limitations ("Mairs Aff.") ¶¶ 7-16, ECF No. 4 (discussing extraordinary circumstances but saying nothing about any efforts or diligence on his part). There is no question that the pandemic constituted an extraordinary circumstance for the nation and the world, and Petitioner makes a strong case that Fishkill was particularly hard-hit: he attests that several inmates died, Mairs Aff. ¶¶ 7, 14; that

4

prison officials instituted "a number of quarantines, where entire housing units were locked down for 24 hours a day, and the law library was either closed or access was substantially curtailed," Petition at 15; that two inmate clerks in the law library passed away from COVID-19, *id.* at 14; and that a paralegal assistant helping Petitioner was in isolation between April 1 and 23.  Mairs Aff. ¶ 15.

The law requires, however, that Petitioner not only point to such extraordinary circumstances, but proffer *something*, at least, about his efforts to contend with them between February and June 2020.  In *Harper*, cited above, for example, petitioner sought equitable tolling because he was hospitalized for the last seventy-eight days of the statutory period.  648 F.3d at 135.  While in the hospital he "underwent multiple surgeries, experienced life-threatening complications, and did not have access to his legal papers."  *Id*.  The Second Circuit found that petitioner had acted diligently because despite these serious obstacles, he managed — during the same period — to submit a letter to the court requesting an extension of time within which to file his petition.  *Id*. at 139.  There is simply no such evidence here.

Moreover, limited access to law library facilities or legal assistance does not excuse a petition from the diligence requirement.  *See, e.g.*, *Caraballo v. United States*, No. 10-CR-

5

392, 2021 WL 1062036, at *3 (S.D.N.Y. Mar. 19, 2021). This has been the case both during COVID, *see id.*, and prior to it, during prison lockdowns with other causes. *Warren v. Kelly*, 207 F.Supp.2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, [and] lockdowns . . . do not qualify as extraordinary circumstances." (internal citations omitted)); *Green v. Capri,* 2018 WL 2452623, at *4 (N.D.N.Y. May 31, 2018) ("Petitioner's generalized complaints about obstacles to his regular access to the law library, including lockdowns and power outrages on unspecified dates, are precisely the type of difficulties common to prison life that courts have found do not constitute extraordinary circumstances."). Here, Petitioner acknowledges that there was some access to the law library during the pandemic, though he writes that the social distancing protocols in effect were "insufficient to protect him from [the virus]." Mairs Aff. ¶ 12. This concern is understandable, but courts still require some showing of effort. *See, e.g.*, *Vanderark v. Greene*, No. 20-1417, 2021 WL 2228059, at *3 (C.D. Ill. June 2, 2021) (while the "alleged inability to access to [petitioner's] legal records or conduct legal research . . . could have affected the extent of the content included in his Petition, it did not prevent him from filing a petition").

Lastly, it is apparent here from the face of the petition that it took minimal time to prepare. The description

6

of each ground for relief is just a few sentences long. Petitioner made no legal arguments that would have required lengthy library access prior to submission. Instead, he simply restated the claims that he raised in his post-conviction briefs. *McCowen v. Conway*, No. 07-CV-3316, 2008 WL 123940, at *7 (E.D.N.Y. Jan. 10, 2008) (denying equitable tolling where it was "readily apparent that petitioner required almost no time to prepare and file his initial petition for habeas corpus," which was "a mere seven paragraphs, each of which briefly summarized the points that he had previously developed" in state court).

The Court is therefore unable to invoke the "rare and exceptional" device of equitable tolling. *Smaldone*, 273 F.3d at 138. Respondent's motion to dismiss is granted, and the petition for a writ of habeas corpus is dismissed. The Clerk of Court is directed to enter judgment in favor of the Respondent and close the case.

Where a habeas petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability will issue. *See* 28 U.S.C. § 2253(c). A somewhat different standard applies where, as here, a district court dismisses a habeas petition on procedural grounds without reaching the constitutional merits. In such cases, a certificate of appealability will only issue if "jurists of reason would find it debatable whether the district court was

7

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mairs has not made that showing here, so no certificate of appealability shall issue. In addition, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

                                               /s Eric Komitee  
                                              ERIC KOMITEE  
                                              United States District Judge

Dated:    September 22, 2021  
            Brooklyn, New York